FILED

2007 Dec-07  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **JIMMY D. GALBREATH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:07-CV-194-VEH** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM DECISION

Plaintiff filed an application for disability insurance benefits on March 2, 2005. (Tr. 38). The application was denied and Plaintiff exhausted his administrative remedies. The final decision of the Commissioner finding Plaintiff has not met the statutory requirements for disability is now ripe for review pursuant to provisions of the Social Security Act, 42 U.S.C. § 405(g).

## Standard of Review

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239.  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled as that term is defined under the Social Security Act and the Regulations promulgated thereunder.  The Regulations define *disabled* as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 20 CFR 404.1505(a).  For the purposes of establishing entitlement to disability benefits, *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  20 CFR 404.1508.

In determining whether a claimant is disabled, the Regulations outline a five-step sequential process. 20 CFR 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

2

(1) whether the claimant is currently employed;
(2) whether she has a severe impairment;
(3) whether her impairment meets or equals one listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993)(cites to former applicable CFR section); *accord*, *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id*.

## Findings of the ALJ

In the instant case, the ALJ, Patrick R. Digby, determined the plaintiff had not engaged in gainful activity since the alleged onset date of disability and that he suffered from a severe combination of impairments. Thus, the plaintiff met the first two prongs of the test, but the ALJ concluded the plaintiff did not suffer from a listed impairment nor from an impairment equivalent to a listed impairment. The ALJ

further found the plaintiff unable to perform his past relevant work.  The ALJ found the plaintiff to be capable of a wide range of light work with lifting 25 pounds occasionally and frequently but he must avoid vibration to the body and that such jobs existed in significant numbers in the national economy.

## Factual and Procedural Background

Mr. Galbreath was 52 years old at the time of the first administrative hearing. He has a 10th grade education with no additional vocational training.  His past relevant work experience was as a heavy equipment operator.  He claimed disability because of back problems and associated pain following three surgeries with an onset date of July 1, 2004.  Benefits were denied by the Social Security Administration on July 26, 2005.  On August 22, 2006, after an administrative hearing, the ALJ denied benefits as well.  Mr. Galbreath's request for review was initially denied by the Appeals Council on October 18, 2006 and again, after considering additional information, on November 24, 2006.  The ALJ's decision thus became the Commissioner's final decision on that date.

## Findings of the ALJ

In the instant case, the ALJ determined that the Plaintiff met the first two prongs of the eligibility test.  The ALJ concluded that Plaintiff's impairments - degenerative disc disease with residuals of lumbar surgery - were, in combination,

4

severe but that they did not meet or equal a listed impairment.  The ALJ found that the Plaintiff is not able to perform any past relevant work, is an individual closely approaching advanced age, has a limited education, is able to communicate in English, has no transferable skills within his residual functioning capacity and has the residual functioning capacity to perform a wide range of light work.  The ALJ, relying on the testimony of the vocational expert, then found that, considering the Plaintiff's age, education, work experience, and residual functioning capacity, and that the Plaintiff could not tolerate vibration to his body, the Plaintiff could perform light, unskilled jobs such as Assembler, Inspector, and Tagger and that such jobs existed in significant numbers in the State of Alabama and in the national economy.  The ALJ therefore found the Plaintiff no to be disabled.

## Findings and Holding of the Court

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record. Under the law, the administrative law judge must develop a full and fair record. *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997).

While the Record contains Mr. Galbreath's medical treatment history, the only functional capacity examination by a physician was rejected by the ALJ.  "The Functional Capacity Evaluation by ... Dr. Woodfin in July 2005 [cannot be given

5

controlling weight because he] only saw the claimant on one occasion." (Tr. 18). The ALJ thus made his residual functional capacity evaluation without the benefit of such evaluation. Instead, the ALJ based his physical capacities evaluation on an assessment of a 20% impairment of the whole body, made on April 15, 2003[1] by Dr. Cezayorli, the Plaintiff's treating neurosurgeon. The ALJ acknowledged that Dr. Cezayirli's 20% impairment of the whole body determination "does not have any direct correlation with sedentary, light, medium, or heavy work" i.e. physical functioning capacity, but stated that "Dr. Cezayirli's acceptance of the claimant's report to Mr. Hickey that he was unable to perform his work as a heavy equipment operator for more than a half day without severe pain suggests that the claimant would be restricted to light work...." (*Id*.). (Emphasis supplied).

An ALJ is allowed to make some judgments as to residual physical functional capacity where so little physical impairment is involved that the effect would be apparent to a lay person. *Manso-Pizarro v. Secretary of Health and Human Services,* 76 F.3d 15 (1st Cir. 1996). In most cases, including the case at bar, the alleged physical impairments are so broad, complex, and/or ongoing that a physician's evaluation is required. *Id.*

---

[1] More than a year prior to the Plaintiff's alleged onset date of July 1, 2004, and more than six months prior to the date on which the Plaintiff stated he exacerbated his back problems by lifting heavy concrete.

In order to have developed a full, fair record as required under the law, the ALJ should have re-contacted Dr. Cezayirli for a physical capacities evaluation.

Further, Mr. Galbreath's ability to work for eight hours with alternate sitting and standing but without any walking except at scheduled breaks (assume one after the first two hours of work, one after four hours of work, and one after six hours of work) must be thoroughly evaluated by Dr. Cezayirli.  This evaluation shall be obtained upon remand. Mr. Galbreath's residual functional capacity was not properly determined nor supported by substantial evidence in this case.

Accordingly, a separate Order will be entered contemporaneously herewith remanding the case to the Commissioner for further proceedings in conformity with this Memorandum Opinion.

**DONE** and **ORDERED** this 7th day of December, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge